Amir Mansoor **ABBASI;** et al., Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–73049.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.[*]

Filed July 20, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Loretta Nelms Reyes, Esq., Chula Vista, CA, for Petitioners.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Greg D. Mack, Esq., Margot L. Nadel, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM **

Amir Mansoor Abbasi, Hina Mansoor Abbasi, and Muniba Fatima Abbasi, husband, wife and minor child, all natives and citizens of Pakistan, petition for review of a Board of Immigration Appeals ("BIA") decision which affirmed the ruling of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA. *See Hoque v. Ashcroft,* 367 F.3d 1190, 1194 (9th Cir.2004). We review for substantial evidence, *Baballah v. Ashcroft,* 367 F.3d 1067, 1073 (9th Cir.2004), and we grant the petition in part, deny it in part, and remand.

 The IJ denied Abbasi's application for asylum and withholding of removal, finding no nexus between the harm suffered and a protected ground. This finding is not supported by substantial evidence, as Abbasi's credible testimony clearly established that members of the Muttahida Quami Movement ("MQM") targeted him because of his political opinion. *See Navas v. INS,* 217 F.3d 646, 656 (9th Cir.2000). The IJ also determined that the attacks on Abbasi were not committed

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

by the government or forces the government was either unable or unwilling to control. This finding is not supported by the record because: (a) the country report indicates that the MQM is the dominant political party in Karachi, where Abbasi lived; and (b) there is no evidence that the government of Pakistan is able to prevent violence perpetrated by members of the MQM. *See Ladha v. INS*, 215 F.3d 889, 902 (9th Cir.2000).

■ Substantial evidence supports the denial of Abbasi's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to Pakistan. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

We remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED in part, DENIED in part, and REMANDED.**